UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW BAHR and ) | |
| CHRISTINE LUCERO, ) | |
| on behalf of themselves and a class, ) | |
| ) | |
| PLAINTIFF, ) | Civil Action No. _____ |
| ) | |
| v. ) | |
| ) | |
| THE GIRARD LAW GROUP, P.C., ) | Jury Demanded |
| ) | |
| DEFENDANT. ) | |

## CLASS ACTION COMPLAINT

Plaintiffs, Matthew Bahr and Christine Lucero, bring this action on behalf of a class to secure redress from unlawful collection practices engaged in by Defendant The Girard Law Group, P.C. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and states as follows:

## VENUE AND JURISDICTION

1.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

2.  Venue in this District is proper under 28 U.S.C. § 1391 because Defendant conducts business in this district, and Defendant attempted to collect a debt from Plaintiff who resides in this district.

## PARTIES

3.  Plaintiff Matthew Bahr is an individual and resident of the State of Illinois, and is a "consumer" as defined at 15 U.S.C § 1692a(3) of the FDCPA.

1

4. Plaintiff Christine Lucero, Plaintiff Matthew Bahr's wife, is an individual and resident of the State of Illinois, and is a "consumer" as defined at 15 U.S.C § 1692a(3) of the FDCPA.

5. Defendant The Girard Law Group, P.C., ("Girard" or "Defendant") is a debt collection law firm engaged as a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA. Girard is engaged in the business of collecting debts in this State where Girard regularly collects or attempts to collect defaulted consumer debts owed or due or asserted to be owed or due another.

6. Girard is authorized to conduct business in Illinois, and maintains an office and authorized registered agent therein. (Exhibit A, Record from Illinois Secretary of State).

7. Girard collects or attempts to collect outstanding assessments and common expenses for condominium associations after the expenses have entered default, Girard also regularly litigates against consumers on behalf of condo associations to attempt to collect defaulted alleged debts.

**FACTS**

8. Plaintiffs Matthew Bahr and Christine Lucero are a married couple that owned, and resided at, a condominium located at 4908 N. Springfield Ave., Unit G, Chicago, IL 60625 (the "Property").

9. In or around early 2015, Plaintiffs incurred an alleged debt, in connection with the Property, to the 4900 Springfield Condominium Association ("Condominium Association") for past due monthly assessments stated to be owed in relation to the Property. Plaintiffs' alleged debt was incurred for family and household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

2

10. Due to financial hardship, Plaintiffs' were unable to pay the alleged debt and it entered default.

11. Sometime thereafter, the Condominium Association hired Defendant Girard to collect the alleged debt from Plaintiffs.

12. In or around March 2015, Plaintiff Matthew Bahr ("Mr. Bahr") notified Kate Timberlake, a board member of the Condominium Association, that he and his wife would be vacating the Property.

13. Plaintiffs vacated the premises in April, 2015.

14. On or around June 26, 2015, Girard mailed a collection letter dated June 26, 2015, and titled "NOTICE AND DEMAND FOR POSSESSION" to the Plaintiffs in an attempt to collect the alleged debt. (Exhibit B, Collection Letter).

15. Girard's Letter is addressed to "Matthew Bahr & Christine Lucero" at "4908 N. Springfield Unit G Chicago, IL 60625".

16. The Letter was mailed to Plaintiffs at the Property address where they no longer resided.

17. Defendant's Letter was forwarded to their new address.

18. Plaintiffs received the letter on or around July 17, 2015.

19. The letter is Defendant's initial communication with Plaintiffs.

20. The Letter communicates information about the alleged debt and is thus a communication as defined by § 1692(a)(2) of the FDCPA.

21. The Letter is in connection with an attempt to collect the alleged debt.

22. The Letter states in relevant part:

**"THIS IS YOUR NOTICE THAT PAYMENT IN FULL OF THE AMOUNT STATED ABOVE IS DEMANDED OF YOU, AND THAT UNLESS YOUR PAYMENT OF THE FULL AMOUNT IS MADE IN**

3

**CERTIFIED FUNDS (CASHIER'S CHECK OR MONEY ORDER) ON OR BEFORE THE EXPIRATION OF THE THIRTY (30) DAYS AFTER THE DATE OF MAILING OF THIS NOTICE IS DEEMED EFFECTIVE..."**

(Exhibit B, Collection Letter, p. 1, ¶4) (underline added).

23. The Letter later states in relevant part:

**"FEDERAL LAW GIVES YOU THIRTY DAYS AFTER YOU RECEIVE THIS LETTER TO DISPUTE THE VALIDITY OF THE DEBT OR ANY PART OF IT."**

(Exhibit B, Collection Letter, p. 1, ¶5) (underline added).

24. Defendant's Letter demanded payment within approximately one week of Plaintiffs' having received the letter, by July 26, 2015, while allowing Plaintiffs 30 days to dispute the alleged debt.

25. Section 1692g of the FDCPA states in relevant part:

**§ 1692g. Validation of debts.**

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
\*\*\*
**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with**

>the name and address of the original creditor, if different from the current creditor.
>
> ***
>
>**(b) Disputed debts**
>
>…Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.
>
>**(15 U.S.C. § 1692g of the FDCPA)**

26. Section 1692g requires that a debt collector include a validation notice either with, or within five days of, the initial communication from the debt collector to the consumer. This notice is intended to advise the consumer as to certain federal rights in connection with procedures under which a consumer may dispute a debt, require verification of a debt, or obtain certain information about the original creditor within thirty days after receipt of the notice from a debt collector.

27. Under the FDCPA this validation notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the unsophisticated consumer. (*Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518–19 (7th Cir.1997); *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997)).

28. By demanding full payment from Plaintiff "… on or before the expiration of thirty (30) days after the date of mailing of this notice…", while providing Plaintiff "… thirty days after you receive this letter…" to dispute such debt, the Collection Letter confounded, overshadowed, eviscerated, and incorrectly set forth the 30-day validation notice required by § 1692g(a) of the FDCPA. (*See, i.e.*, *McCarter v. Kovitz, Shifrin, Nesbit*, 2013 U.S. Dist. Lexis 177319 at *9-*10 (J. Grady, Dec. 2013).

29. Girard demands payment from Plaintiffs prior to the expiration of the statutorily mandated 30-day dispute period under § 1692g. As a result, the letter effectively eviscerates the protections of § 1692g by reducing the consumer's rights by overshadowing the dispute period and instead demanding payment within a shorter period of time. Plaintiffs were confused by the fact that the period within which they were required to pay the alleged debt ended before the deadline by which they had to dispute the alleged debt.

30. Girard gives a consumer more time to dispute a debt than to pay it, in contravention of the purpose of section 1692g.

31. By overshadowing the required 30-day validation notice in its Collection Letter with a demand for full payment before the end of the 30-day validation notice period, Defendant violated § 1692g(b) of the FDCPA.

32. Plaintiffs were deprived of their statutory rights to accurate information and notice under the FDCPA.

33. Defendant's Letter further states:

**"YOUR DISPUTE MUST BE SUBMITTED IN WRITING."**

(Exhibit B, Collection Letter, p. 1, ¶5).

34. Defendant's collection Letter imposes a writing requirement on Plaintiffs for them to dispute the alleged debt.

35. Section 1692g(a)(3) states:

**§ 1692g. Validation of debts.**

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the**

6

> **following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> \*\*\*
>
> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

36. Section 1692g(a)(3) does not require a consumer to dispute a debt in writing.

37. By requiring Plaintiffs to dispute the alleged debt in writing, Defendant attempts to dissuade Plaintiffs from disputing the alleged debt or a portion thereof.

38. Defendant violated § 1692(g)(a)(3) of the FDCPA when it imposed a writing requirement on Plaintiffs in order to dispute the alleged debt when no writing requirement exists under the FDCPA.

39. Defendant's Collection Letter further states:

> **"IF YOU DO DISPUTE THE DEBT, WE WILL FURNISH YOU WITH THE NAME AND ADDRESS OF YOUR ORIGINAL CREDITOR, IF THE ORIGINAL CREDITOR IS DIFFERENT FROM THE CURRENT CREDITOR."**

(Exhibit B, Collection Letter, p. 2, ¶1) (underline added).

40. Defendant's Collection Letter thus notifies Plaintiffs that if they dispute the debt, Defendant will only provide them with the name and address of the original creditor, if different from the current creditor.

41. Section 1692g(b) states in relevant part:

> **§ 1692g. Validation of debts.**
>
> **(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a**

**copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.**

42. Thus, if a consumer disputes a debt, or any portion of a debt, in writing within the 30-day period, a collector is required to provide the consumer with verification of the debt and cease collection of the debt until or unless the debt collector mails the consumer verification of the debt.

43. Here, Defendant communicates to Plaintiffs that if they dispute the debt Defendant will only provide the name and address of the original creditor, not verification of the debt as required by § 1692g(b) of the FDCPA.

44. Defendant violated § 1692g(a)(3) and § 1692g(b) of the FDCPA when it failed to notify Plaintiffs that if they disputed the debt in writing, Defendant would provide verification of the debt and that Defendant would cease collection of the alleged debt until or unless it mailed verification of the debt.

45. Defendant's letter then states:

**"IF YOU REQUEST PROOF OF THE DEBT OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WITHIN THE THIRTY-DAY PERIOD THAT BEGINS WITH YOUR RECEIPT OF THIS DEMAND, THE LAW REQUIRES ME TO SUSPEND MY EFFORTS (THROUGH LITIGATION OR OTHERWISE) TO COLLECT THE DEBT UNTIL I MAIL THE REQUESTED INFORMATION TO YOU."**

46. Section 1692g(b) of the FDCPA states in relevant part:

**§ 1692g. Validation of debts.**

**(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.**

47. Thus, the FDCPA only requires a debt collector to cease collection of a debt upon notification that the consumer disputes the debt or a portion of the debt, or requests the name and address of the original creditor. The FDCPA does not require, as Defendant states in its letter, a collector to cease collection of the debt if the consumer "… request[s] proof of the debt…"

48. Defendant's statement would lead a consumer to believe that if the consumer requested verification of the debt that Defendant would cease its collection efforts until it mails the consumer verification of the debt. Yet Defendant has no obligation to respond to the consumer's request, nor would Defendant be required to cease its collection activity.

49. Thus, the consumer, by requesting verification of the debt as directed in Defendant's Letter, could lose his or her opportunity to dispute the debt within the 30-day period that triggers the protections of the FDCPA.

50. Defendant thus violated § 1692g(b) when it failed to notify Plaintiffs that if they dispute the debt, or any portion thereof, within the 30-day time period, Defendant would cease collection of the alleged debt until or unless it mailed verification of the debt to the consumer.

51. Defendant's letter further failed to notify Plaintiffs that in order to obtain the name and address of the original creditor, if different from the current creditor, Plaintiff must request the name and address of the original creditor in writing, thus violating § 1692g(b) of the FDCPA.

52. Defendant Girard's Letter is signed by Sunny Park as agent for "the Board of Managers of 4900 Springfield Condominium Association".

53. Defendant's Letter communicated to Plaintiffs that the Letter was sent to Plaintiffs by Sunny Park and/or the Board of Managers of 4900 Springfield Condominium Association.

54. The letter directs Plaintiffs to send payment to "The Girard Law Group, P.C., 4311 N. Ravenswood, Suite 202, Chicago, Illinois 60613." (Exhibit B, Collection Letter, p. 1, ¶4).

55. This is the only direct reference to Defendant Girard in the Letter.

56. The Letter further states "… the Association through my office may institute an action to terminate your right to possession of the premises." (Exhibit B, Collection Letter, p. 1, ¶4).

57. As the letter is signed by Sunny Park, a consumer would be led to believe that "my office" would be Sunny Park's office and that Sunny Park's office is a law office as it states that it has the ability to institute an action to terminate Plaintiff's right to possession of the property.

58. The Letter later states "If you need to contact this office to discuss this matter, you may call (773) 598-4201." (Exhibit B, Collection Letter, p. 2, ¶2).

59. The telephone number provided in the Letter is the main telephone number for Defendant Girard, though Girard identifies itself as "Westward Management" on caller id when it calls consumers.

60. Shortly after receiving Defendant's Letter on or around July 17, 2015, Plaintiff Matthew Bahr did call the telephone number listed in Defendant's Letter and upon connection to Attorney John Powers voicemail Mr. Bahr was greeted with the following message "You have reached the voicemail of John Powers. Please be advised that this office collects unpaid community association expenses and pursuant to the Fair

Debt Collection Practices Act we are deemed to be a debt collector. Any information gained will be used for that purpose."

61. The telephone number does not belong to, or is in no way associated with, Sunny Park or the Board of Managers of 4900 Springfield Condominium Association.

62. The Certificate of Mailing at the end of the Letter is signed by Samantha Ortman.

63. The letter is also notarized by Samantha Ortman.

64. Samantha Ortman was an agent or employee of Defendant Girard on June 26, 2015.

65. Section 1692e states in relevant part:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**\*\*\***

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**
**\*\*\***

**(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.**

66. Defendant Girard violated §§ 1692e, e(10), and e(14) of the FDCPA when it made false, deceptive, or misleading representations in connection with the collection of a debt.

67. Specifically, Defendant violated § 1692e and e(10) when it communicated to Plaintiffs that the letter was from Sunny Park as agent for The Board of Managers of

11

4900 Springfield Condominium Association when in fact the letter was from Defendant Girard.

68. Defendant violated § 1692e(14) when it used the name of "The Board of Managers of 4900 Springfield Condominium Association" instead of its true name, The Girard Law Group, P.C.

69. Defendant's collection communications and activities are to be interpreted under the "unsophisticated consumer" standard. See *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* – GIRARD

70. Plaintiffs repeat, re-alleges and incorporates by reference the foregoing paragraphs.

71. In its attempts to collect the debt allegedly owed by Plaintiffs, Defendant Girard violated the FDCPA, 15 U.S.C. § 1692 *et seq*. in one or more of the following ways:

    a) Girard violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented who or where its collection Letter came from, specifically, that the Letter was sent by Sunny Park and/or the 4900 Springfield Condominium Association when in fact it came from Defendant Girard;

    b) Girard violated 15 U.S.C. § 1692e(10) by making false representations or using deceptive means to collect a debt when it falsely represented that its Letter was sent by Sunny Park and/or the 2900 Springfield Condominium Association, when it fact, it was sent by Defendant Girard;

    c) Girard violated §1692e(14) by using a name other than the true name of its business, specifically, by using the name of the 4900 Springfield Condominium Association and/or Sunny Park as its agent instead of its own name on the collection Letter thereby using false, deceptive, or misleading representations to collect a debt;

- d) Girard violated § 1692g when it provided Plaintiff with a confusing verification notice which overshadowed the verification notice required to be provided by 15 U.S.C. § 1692g, as the notice was provided in a form unlikely to be understood by the unsophisticated consumer.
- e) Girard violated § 1692g(a)(3) when it required Plaintiffs to dispute the debt in writing or it would consider the debt valid when Plaintiffs are not required to dispute the debt in writing.
- f) Girard violated § 1692g(a)(4) when it failed to notify Plaintiffs that if they disputed the debt in writing Defendant would mail verification of the debt, or a copy of a judgment.
- g) Girard violated § 1692g(a)(5) when it failed to notify Plaintiffs that upon Plaintiffs' written request within the thirty-day period Defendant will provide the consumer with the name and address of the original creditor, if different from the current creditor.
- h) Girard violated § 1692g(b) by overshadowing the required 30-day validation notice in its collection Letter with a demand for full payment before the end of the 30-day validation notice period.
- i) Girard violated § 1692g(b) when it communicated to Plaintiffs that if they dispute the debt Defendant will only provide the name and address of the original creditor, not verification of the debt as required by § 1692g(b).
- j) Girard violated § 1692g(b) when it failed to notify Plaintiffs that if they disputed the debt in writing, Defendant would provide verification of the debt.
- k) Girard violated § 1692g(b) when it failed to notify Plaintiffs that if they disputed the debt in writing, Defendant would cease collection of the debt until or unless it mailed verification of the debt to Plaintiffs.

### REQUEST FOR RELIEF—FDCPA—GIRARD

WHEREFORE, Plaintiffs request that judgment be entered in their favor against Defendant The Girard Law Group, P.C., for the following:

a. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

b. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

c. Such other or further relief as this Court deems proper.

**CLASS ALLEGATIONS**

72. Plaintiffs re-allege and incorporate the foregoing paragraphs as if set forth fully herein.

73. Plaintiffs brings this action individually and as a class action. The class consists of (a) all individuals (b) with addresses in Illinois, (c) to whom Defendant Girard mailed a letter, with a "Notice and Demand for Possession" in the form of that contained in Exhibit B, (d) which letter was sent during the period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

74. Defendant violated §§ 1692g, 1692g(a)(3)-(5), 1692g(b), 1692e(10), and 1692e(14) of the FDCPA by mailing the Notice and Demand for Possession" in the form of that contained in Exhibit B.

75. The members of the class are so numerous that joinder of all is not practicable.

76. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

77. The Class consists of more than 40 persons from whom Defendant attempted to collect delinquent consumer debts, by mailing the type of Letter that was mailed to Plaintiffs.

78. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual

members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

79. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

80. Plaintiffs have retained counsel experienced in class action litigation brought under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and the class defined above, and against Defendant, for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.


Respectfully Submitted,

By: /s/ *Mario Kris Kasalo*


**JURY DEMAND**

Plaintiff demands trial by jury.

**The Law Office of M. Kris Kasalo, Ltd.**   By:  s/ Mario Kris Kasalo
20 North Clark Street, Suite 3100                    Mario Kris Kasalo
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com


### NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By:  s/ *Mario Kris Kasalo*
       Mario Kris Kasalo


### DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By:  s/ *Mario Kris Kasalo*
       Mario Kris Kasalo